Carrie Courtney, Administratrix, Appellee, v. Illinois Central Railroad Company, Appellant.

1. MASTER AND SERVANT—*when notice of defective condition of tracks presumed.* A railroad company is bound with respect to its employes to use reasonable care to keep its tracks in a reasonably safe condition and it is charged with constructive notice as to the existence of a defective and dangerous condition.

2. MASTER AND SERVANT—*when doctrine of assumed risk does not apply.* An engineer of a railroad company is not bound to inspect its tracks. He has a right to assume that they are in a reasonably safe condition, and if he is injured through a defective condition while in the performance of his duty, he is entitled to recover.

3. EVIDENCE—*as to what expert testimony not competent.* Held, that it was not error for the court to refuse to permit expert testimony as to what might have caused a derailment of an engine, etc.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1910. Affirmed. Opinion filed May 26, 1911. *Certiorari* denied by Supreme Court (making opinion final).

CHARLES L. CAPEN, for appellant; JOHN G. DRENNAN, of counsel.

DE MANGE, GILLESPIE & DE MANGE, for appellee.

Mr. Presiding Justice Puterbaugh delivered the opinion of the court.

This is an action in case brought by the plaintiff, as administratrix, to recover damages for the death of her intestate. The declaration consists of six counts, in each of which it is averred that the intestate was in the employ of the defendant as an engineer, and that on February 22, 1909, the engine which he was then driving overturned, whereby he was killed.

The specific negligence charged in the first count is that the tracks were out of repair; in the second, that the ties were rotten and defective; in the third, that the spikes were improperly driven and fastened; in the fourth, that the rails were improperly secured, and in the sixth and seventh, that the defendant required plaintiff's intestate to run his engine at an unreasonable rate of speed in front of a passenger train, without having promulgated proper rules. A trial by jury resulted in a judgment in favor of the plaintiff for $8,500.

The plaintiff's intestate, Courtney, was 43 years old at the time of his death, and had been in the service of defendant as an engineer on freight trains, for eighteen years, upon the Freeport division, upon which the accident occurred. On the day in question, the train upon which he was acting as engineer reached Bloomington shortly before eight o'clock in the evening. Under the law limiting the number of consecutive hours of continuous service by trainmen to sixteen, it was necessary to stop the train at Bloomington unless it would reach Clinton by nine o'clock. Upon the arrival at Bloomington, two train orders were received from the dispatcher's office at Freeport. The first one sent at 7:30 read, "Reduce your train at Bloomington to what you can make Clinton inside of the sixteen hours;" the second, received at 8:02, read "Set out your train at Bloomington and go to Clinton with caboose. If you cannot make Clinton by nine p. m.

with caboose, tie up at Bloomington." These orders were handed to the conductor and by him shown to Courtney. Pursuant to such order, the cars of the train were set upon side-tracks and the engine and caboose, with the train crew, started south for Clinton at 8:23. At a point about a mile and a half north of the town of Randolph, a small station about seven miles south of Bloomington, the engine from some cause left the rails, turned over, and fell upon Courtney and killed him. The evidence introduced by the plaintiff tended to show that the road-bed at the place where the accident occurred was properly graded and level; that the rails were in alignment and properly jointed; that there was nothing to indicate to one riding over the track that it was out of repair; that between the station of Randolph and the former station of Old Randolph, about a mile and a half north, the track of the defendant ran over a considerable fill and through a slight cut, but was practically level; that north of Randolph, at least one-third of the ties were rotten and defective; that the spikes were loose, and the rails unfastened and insufficiently secured to the ties, but that such defects could not be detected by an engineer on duty in his cab.

There was evidence from which, together with the fair and reasonable inference to be deducted therefrom, the jury was not unwarranted in finding that by reason of the defective condition of the ties and spikes in the track, the rails were caused to spread, whereby the caboose left the track and turned over, about 100 feet from the point of derailment, at about 200 feet further south the tender followed suit, while the engine continued to run upon the ties for the distance of from 300 to 360 feet, when it tipped over on its side and crushed Courtney while at his post of duty. The defendant thus failed in the performance of its duty to use reasonable care to provide Courtney and others employed in its service who were required to run

trains there over at a high rate of speed, with reasonably safe tracks, and to maintain such tracks in a reasonably safe condition. It must be presumed to have at least constructive knowledge of the defective condition of the track, and it was therefore its further duty to warn Courtney, who was not shown to have been aware of the same, of the danger of running over such track at a high rate of speed, and not to require him to use the speed made necessary to carry out the specific instructions which he is shown to have received. R. Co. v. Kerr, 148 Ill. 605. It was not the duty of Courtney to inspect the tracks over which he was required to run. In the absence of knowledge or means of knowledge to the contrary, he had the right to assume that the defendant had fully performed its duty both of inspection and repair. The evidence shows that the condition of the track and the danger attendant upon the use to which it was being put, were not such to be obvious to an ordinarily prudent person under the same or similar circumstances. Bonato v. Coal Co., 248 Ill. 422. It cannot be said, therefore, that Courtney assumed the risk of injury, and we are not prepared to hold that the greater weight of the evidence clearly established that he was guilty of such contributory negligence as to bar a recovery by the plaintiff.

The defendant sought to show by the testimony of the superintendent, an assistant civil engineer, the road-master, and the train-master of the road, their respective opinions, based upon their experience, education and examination of the track after the accident, as to what might have caused the derailment of the engine. It further offered to prove by the road-master and train-master, that there was nothing at the point where the marks first appeared on the rail, or fifty feet either way, that might in any way or manner have caused the derailment; and whether in their opinion the same might not have been caused by the spreading of

the track under the conditions disclosed by the inspection made by the witnesses immediately after the accident. It still further offered to prove by the train-master and traveling engineer, that in their respective experience, derailment of engines sometimes occurred without it being possible to ascertain the cause. The refusal of the trial court to permit the introduction of such evidence is urged as error. We do not think that the court erred in this respect. While the witnesses offered doubtless had greater experience and opportunities of observation than the court or jury, the questions submitted to them were not such as called for the exercise of minds trained in a particular science, skill or knowledge, in order to form an opinion. Yarber v. R. Co., 235 Ill. 589. The facts were fully, specifically and lucidly presented and described to the jury, and they were as competent to form an opinion as either of the expert witnesses in question. Furthermore, the cause of the derailment was in controversy, and it would be improper to permit a witness, whether expert or non-expert, to invade the province of the jury by giving an opinion as to the cause or probable cause of such derailment. R. Co. v. Smith, 208 Ill. 608.

Complaint is made of the refusal of several instructions offered by the defendant. Many of them are fully covered by others given. Several are cautionary in their nature, and whether to give them or not was within the discretion of the court. We find no prejudicial error in the rulings of the court upon the plaintiff's given instructions. While that referred to as the second has been disapproved in cases where the number of witnesses testifying on the respective sides was greatly disproportionate, we do not think it was error to give it in the case at bar. The defendant offered an instruction which in part told the jury that the burden of proof as to negligence was not upon the defendant to show that it was not guilty of the specific negligence. The court added the words "charged in the declaration," and gave the same as

modified. It is urged that this was error, for the reason that the instruction ignored the defense of assumed risk, and also authorized the jury to consider the fifth count of the declaration, which count the court, by another instruction, had directed the jury to disregard. The practice of referring juries to the declaration has often been condemned, and in a number of cases, where the instruction directed a verdict, the giving of the same has been held to be reversible error. We do not think the jury in the present case were misled by the instruction of which complaint is made.

We are of opinion that the jury were fully and fairly instructed as to the law applicable to the facts involved. The verdict of the jury was not clearly and manifestly against the weight of the evidence, and we find no prejudicial error in the rulings of the court upon the evidence. The judgment rendered upon such verdict is therefore affirmed.

*Affirmed.*